IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GARY L. SMITH,**

        **Petitioner,**

   **v.**                             **CIVIL ACTION NO. 2:06cv39**
                                         **(Judge Maxwell)**

**KEVIN J. WENDT, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On March 31, 2006, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that the respondent is restricting his communication by mail with his Attorney-in-Fact. On the same date, the petitioner tendered the $5.00 filing fee.

### I. PETITION

On March 31, 2006, the petitioner filed an Application for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241. The Petitioner indicates in his application that he is currently incarcerated at United States Penitentiary Big Sandy located in Inez, Kentucky, but the actions giving rise to his application for relief occurred at the Federal Correctional Institution Gilmore which is located in Glenville, West Virginia.

The petitioner alleges that on June 14, 2002, Marvin Smith executed a Durable Power of Attorney, thereby becoming the petitioner's Attorney-in-Fact. The petitioner maintains that a copy of said document is maintained in his central file within the Federal Bureau of Prisons. The

petitioner further alleges that on or about April 14, 2005, he mailed a privileged letter, through the institutional mail to his Attorney-in-Fact. Thereafter, an unidentified SIS officer open, read, and copied the letter. On May 2, 2005, the petitioner claims he received an incident report and on May 23, 2005, was placed on mail restriction with his Attorney-in-Fact. As a result of these actions, the petitioner claims that his Due Process rights under the Fourteenth Amendment were violated as well as his right to equal access to the courts and his attorney. Furthermore, the petitioner alleges that he was subjected to "unusual punishment" in violation of his Eighth Amendment rights.

## II. ANALYSIS

A petition under 28 U.S.C. § 2241 must be filed in the district of incarceration. United States v. Miller, 871 F.2d 488 (4th Cir. 1989). Jurisdiction over a § 2241 petition is determined at the time of filing of the petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Because the plaintiff was not incarcerated within the judicial district of the United States District Court for the Northern District of West Virginia when the petition was filed, it is manifest that the petition states no ground upon which a writ of habeas corpus could be issued by this Court.

Additionally, petitioner's action is one challenging a violation of his civil rights, and is therefore not a claim which can be brought in a habeas corpus action. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed

2

filing fee.

## III. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be DENIED without prejudice to the respondent's right to file a Bivens action.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner and to any counsel of record.


DATED: April 25, 2006

                                                 /s/ James E. Seibert
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE

---

to one under §1983.